UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROCIO VILLA, *et. al*,

                    Plaintiffs,

    -against-                                      1:08-CV-00621 (LEK/RFT)

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et. al*,[1]

                    Defendants.

## MEMORANDUM-DECISION AND ORDER[2]

Presently before this Court is a Motion by the United States Department of Homeland Security, Janet Napolitano in her official capacity as Secretary of Homeland Security, Michael Aytes in his official capacity as Acting Deputy Director of United States Citizenship and Immigration Services ("U.S.C.I.S.") with the Department of Homeland Security, and Gerard Heinauer in his official capacity as Director of the U.S.C.I.S. Nebraska Service Center (collectively "Defendants") seeking to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Motion (Dkt. No. 18); Compl. (Dkt. No. 1).

**I.**    **Background**

On or about March 30, 2001, Plaintiffs Rocio Villa, Pedro Flores, and Laila Flores (collectively "Plaintiffs") filed I-485 applications for adjustment from asylees to permanent resident

---

[1] The Complaint named Michael Chertoff in his official capacity as Secretary of Homeland Security and Jonathan Scharfen in his official capacity as Director of United States Citizenship and Immigration Services.  These individuals have been replaced, and accordingly the named Defendants in this Order are substituted pursuant to Fed. R. Civ. P. 25(d).

[2] For printed publication in the Federal Reporter.

1

status with the Defendants' predecessor agency, Immigration and Naturalization Service, now the United States Citizenship and Immigration Services.  Compl. at 3 (Dkt. No. 1).  On or about July 5, 2005, the Defendants contacted the Plaintiffs requesting "additional evidence on their applications" including updated medical examination forms (Form I-693) and a "Supplemental Form to I-693" for each Plaintiff.  Id.  The Plaintiffs sent this information to the Defendants on or about August 3, 2005, and it was received by the Defendants on or about August 5, 2005.  Id.  The Defendants took no further action on Plaintiffs' applications.  Id. at 3-4.

On June 12, 2008, more than seven years after filing their applications, Plaintiffs filed the instant Complaint seeking an order "[r]equiring Defendants and/or their agents to process their cases to a conclusion."  Compl. at 6 (Dkt. No. 1).  The Defendants subsequently moved for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Motion at 3 (Dkt. No. 18), Defendant's Reply at 1 (Dkt. No. 26).

**II.     Discussion**

**A.     Standard of Review**

A federal court's subject matter jurisdiction in each case is of primary importance since "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must grant a motion to dismiss when that court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists."  Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  In reviewing a motion to dismiss for lack of subject matter jurisdiction on the face of the complaint, the court "must accept as

2

true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Sharkey, 541 F.3d at 83; see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

**B.     Subject Matter Jurisdiction**

Plaintiffs argue that the Court has subject matter jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, and 555(b), in conjunction with federal question jurisdiction, 28 U.S.C. § 1331, *et seq.*, as well as the Mandamus Statute, 28 U.S.C. § 1361. However, Defendants argue that the Court lacks subject matter jurisdiction under both the APA, 5 U.S.C. § 706(1), and the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B)(ii) and 8 U.S.C. § 1252(g).

While the issues currently before the Court have not been addressed by the Second Circuit[3] or this district, they have been discussed by and have divided district courts across the country. Compare Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008) (finding subject matter jurisdiction); Kashkool v. Chertoff, 553 F. Supp. 2d 1131 (D. Ariz. 2008) (same); Bondarenko v. Chertoff, No. 07-mc-00002, 2007 U.S. Dist. LEXIS 67143 (W.D.N.Y. Sept. 11, 2007) (same); Koren v. Chertoff, No. 3:07cv157 (PCD), 2007 U.S. Dist. LEXIS 35128 (D. Conn. May 14, 2007) (same); Zaigang Liu v. Novak, 509 F. Supp. 2d 1 (D. D.C. 2007) (same); Shah v. Hansen, No. 1:07 CV 1576, 2007 U.S. Dist. LEXIS 80636 (N.D. Ohio 2007) (same); Belegradek v. Gonzales, 523 F. Supp. 2d 1364 (N.D.Ga. 2007) (same); Toor v. Still, No. C07-0645 BZ, 2007 U.S. Dist. LEXIS 53173 (N.D.Cal. July 10, 2007) (same); Ma v. Gonzales, No. C07-122RSL, 2007 U.S. Dist. LEXIS 41103 (W.D. Wash. June 5, 2007) (same); with Cholewinska v. Chertoff, No. 07-518, 2008 U.S.

---

[3] Indeed, no Circuit Court of Appeals has addressed this specific issue.

3

Dist. LEXIS 13755 (D. N.J. Feb. 21, 2008) (finding no subject matter jurisdiction); Touarsi v. Mueller, 538 F. Supp. 2d 447 (D. Mass. 2008) (same); Grinberg v. Swacina, 478 F. Supp. 2d 1350 (S.D. Fl. 2007) (same); Torres v. Chertoff, No.1:07-cv-01649-WSD, 2007 U.S. Dist. LEXIS 88812 (N.D. Ga. Nov. 30, 2007) (same); Wang v. Chertoff, No. 1:07-cv-00948-WSD, 2007 U.S. Dist. LEXIS 80249 (N.D. Ga. Oct. 30, 2007) (same); Salazar v. Chertoff, No. 2:06CV502, 2007 U.S. Dist. LEXIS 36899 (S.D.N.Y. May 18, 2007) (same); Grinberg v. Swacina, 478 F. Supp. 2d 1350 (S.D. Fl. 2007) (same); Orlov v. Howard, 523 F. Supp. 2d 30 (D. D.C. 2007) (same); Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006) (same); Espin v. Gardner, 381 F. Supp. 2d 261 (S.D.N.Y. 2005) (same). The area of immigration applications is one involving so many citizens and potential citizens that it must be addressed. As discussed below, the Court finds, in agreement with a growing number of district courts, that it has subject matter jurisdiction.

    **1.**    **Administrative Procedure Act**

The APA allows "[a] person suffering a legal wrong because of agency action" to bring suit. 5 U.S.C. § 702. While the "APA does not confer jurisdiction" on its own, Califano v. Sanders, 430 U.S. 99, 107 n.7 (1977), it has been read to confer jurisdiction in combination with the federal question statute. Sharkey, 541 F.3d at 84; Bondarenko, 2007 U.S. Dist. LEXIS 67143 at *6.

The federal question statute confers jurisdiction on the district courts over "all civil actions arising under" federal law. 28 U.S.C. § 1331. This statute "has been interpreted to mean that federal question jurisdiction exists where: (1) the claim turns on the interpretation of the laws or Constitution of the United States, and (2) is not patently without merit." Kim v. Ashcroft, 340 F. Supp. 2d 384, 388 (S.D.N.Y. 2004). Here, Plaintiffs argue that sections 555(b) and 706(1) of the APA in conjunction with the federal question statute give the Court subject matter jurisdiction.

Plaintiffs' Memo. of Law at 5-6 (Dkt. No. 21). These sections state respectively that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it," and that "[t]he reviewing court shall – (1) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 555(b), 5 U.S.C. § 706(1).

The Defendants argue that the Plaintiffs cannot demonstrate either that the agency was required to take a discrete action or that they were required to act within a certain period as Congress did not institute a deadline for agency action. Motion at 5-6 (Dkt. No. 18).

Defendants' arguments are unpersuasive. While it is within the Attorney General's discretion to grant or deny an application for adjustment of status, it is not within his discretion to not adjudicate at all. See Kim, 340 F. Supp. 2d at 389, Nigmadzhanov, 550 F. Supp. 2d at 546. See also Ruiz v. Mukasey, 552 F.3d 269, 273 (2d Cir. 2009) (stating that judicial review under the APA exists "unless review is precluded by statute or the complained-of decision was committed to agency discretion"). Instead, under section 6 of the APA, the U.S.C.I.S. is required to act "within a reasonable time." 5 U.S.C. § 555(b); Kim, 340 F. Supp. 2d at 389. If this were otherwise:

> the C.I.S. could hold adjustment applications in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic - the C.I.S. simply does not possess unfettered discretion to relegate aliens to a state of "limbo," leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA.

Kim, 340 F. Supp. 2d at 393. Additionally, the "'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide." Razaq v. Poulos, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *10-11 (N.D. Cal. Jan. 8, 2007). Therefore, the Plaintiffs have met the first requirement of federal question jurisdiction and the Court must now determine whether the Plaintiffs' claim is patently without merit, "whether the right claimed is 'so

insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" New York Dist. Att'y Investigators Police Benevolent Ass'n v. Richards, 711 F.2d 8, 10 (2d Cir. 1983) (quoting Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 70-71 (1978)) (alteration in original). Here, the Plaintiffs are claiming that the more than seven year delay in action on their applications is unreasonable and in violation of the APA. The Court finds that this claim is not patently without merit, and the Court, therefore, has subject matter jurisdiction under federal question jurisdiction. See Kim, 340 F. Supp. 2d at 391 (finding a delay of about forty-two months was not patently without merit); Nigmadzhanov, 550 F. Supp. 2d at 547 (finding a delay of six and one half years was not patently without merit); Saleh v. Ridge, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005) (finding a delay of five years was not patently without merit).

Defendants argue that the case law granting jurisdiction may be distinguished from this case because the delay in adjudication in this case actually benefits the Plaintiffs. More specifically, they claim that adjudication has been purposefully withheld in order to decide whether Plaintiffs fall within any of the exemptions from the terrorism inadmissibility provisions that would apply to Ms. Villa. Defendant's Reply at 3, 9-10. While Defendants' reasons for delay are compelling, the reasonableness of the delay should be decided on a motion for summary judgment. See Nigmadzhanov, 550 F. Supp. 2d at 548. See also Roth v. Jennings, 489 F. 3d 499, 509 (2d Cir. 2007) (stating that on a motion to dismiss the district court "is normally required to look only to the allegations on the face of the complaint. If, on such a motion, 'matters outside the pleading are presented to and not excluded by the court,' the court should normally treat the motion as one for summary judgment pursuant to Fed. R. Civ. P. 56.") (quoting Fed. R. Civ. P. 12(d)).

### 2. Immigration and Nationality Act

Plaintiffs request that the Court "[r]equir[e] the Defendants and/or their agents to process their cases to a conclusion." Compl. at 6 (Dkt. No. 1). An alien's status, like the Plaintiffs in this case, "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). Defendants argue that the Immigration and Nationality Act ("INA") divests the Court of subject matter jurisdiction under § 1252(a)(2)(B)(ii) and §1252(g) because the action arises "from a decision or action by the Attorney General." 8 U.S.C. § 1252(g); see also Defendant's Reply at 4-8 (Dkt. No. 26). Section 242(a)(2)(B)(ii) states:

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 U.S.C. § 1158(a)].

8 U.S.C. § 1252(a)(2)(B)(ii). The Defendants focus on the statute's use of the word "action." They rely on the court's finding in Safadi v. Howard, that "action" meant any "act or series of acts" and that, therefore:

> under §1252(a)(2)(B)(ii) the term "action" encompassed *any* act or series of acts that is discretionary within the adjustment of status process. And, as § 1255(a) does not impose any limits on USCIS's discretionary authority over the adjustment of status process, it is clear that "action" in § 1252(a)(2)(B)(ii) encompasses the *entire* process of reviewing an adjustment application, including . . . the pace at which the process proceeds.

Safadi, 466 F. Supp. 2d at 699. See Defendant's Reply at 8-9 (Dkt. No. 26).

However, "[g]iven the strong presumption in favor of judicial review of administrative action," Nethagani v. Mukasey, 532 F.3d 150, 154 (2d Cir. 2008) (quoting INS v. St. Cyr, 533 U.S. 289, 298 (2001)), this Court agrees with the courts in this Circuit that have found that §1252(a)(2)(B)(ii) should be read more narrowly. See Nigmadzhanov, 550 F. Supp. 2d at 547,

7

Bondarenko, 2007 U.S. Dist. LEXIS 67143 at *12-13.  Section 1252(a)(2)(B)(ii) states that courts may not review decisions or actions "the authority for *which is specified under this title* [8 U.S.C. §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. 1252(a)(2)(B)(ii) (emphasis added).  This section, therefore, only applies to those decisions and actions Congress specifically put in the Attorney General's or Secretary of Homeland Security's discretion.  Alkeylani v. Dep't of Homeland Sec., 514 F. Supp. 2d 258, 263 (D. Conn. 2007) (quoting Alaka v. AG of the United States, 456 F.3d 88, 95 (3d Cir. 2006)).  The Second Circuit has previously held that "§ 1252(a)(2)(B) does not bar judicial review of nondiscretionary, or purely legal, decisions . . ."  Sepulveda v. Gonzales, 407 F.3d 59, 63 (2d Cir. 2005).  In no section of the relevant title are the Attorney General or Secretary of Homeland Security given the discretion to decide the pace at which they will adjudicate applications.  Nor are they given the discretion to not take any action.

Instead, as discussed earlier, § 555(b) places a non-discretionary duty on the government to adjudicate these applications within a reasonable time.  See Nigmadzhanov, 550 F. Supp. 2d at 547; 5 U.S.C. § 555(b).  Therefore, while the decision to grant or deny an application is a discretionary one, the decision to adjudicate applications is not.  Akleyani, 514 F. Supp. 2d at 263 (quoting Koren, 2007 U.S. Dist. LEXIS 35128, at *12); Cf. Sanusi v. Gonzales, 445 F.3d 193, 198-99 (2d Cir. 2006) (finding that the Court had jurisdiction over a decision to grant or deny a continuance in an immigration proceeding as it was not a decision specified by statute to be in the Attorney General's discretion).  If the Court was to read the statute as the Safadi Court did, and as Defendants here urge the Court to do, it "would render toothless all timing restraints, including those imposed by the APA and . . . would amount to a grant of permission for inaction, and a purposeful disregard

of the potential for abuse thereof, on immigration matters." Duan v. Zamberry, No. 06-1351, 2007 U.S. Dist. LEXIS 12697, at *9 (W.D. Pa. Feb. 27, 2007). Defendants also argue that exemptions for terrorism-related bars to admissibility are specified to be under the discretion of the Secretary of Homeland Security by 8 U.S.C. § 1182(d)(3)(B)(I) and that the Court thus lacks jurisdiction under § 1252(a)(2)(B)(ii). Defendant's Reply at 7-8 (Dkt. No. 26). However, the above analysis applies to this section as well. While § 1182(d)(3)(b)(I) gives the Department of Homeland Security the discretion to exempt, it does not give it the discretion to delay decisions on those exemptions indefinitely.

Defendants also argue that section 1252(g) of the INA divests the Court of jurisdiction. See Defendant's Reply at 4-5 (Dkt. No. 26). This section states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General *to commence proceedings, adjudicate cases, or execute removal orders* against any alien under this Act." 8 U.S.C. § 1252(g) (emphasis added). This section of the INA should also be read narrowly to bar jurisdiction only in the three events Congress chose to specify. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."). As the pace of deciding an application for adjustment of status does not fall into one of the three specified categories, the Court retains its jurisdiction. See Bondarenko, 2007 U.S. Dist. LEXIS 67143 at *21-22; Zaigang Liu, 509 F. Supp. 2d at 7-8.

Agencies must be responsive to the people who apply to them for assistance and cannot unreasonably delay their action. The courts have always had the power to compel and mandate

9

action for good cause and pursuant to statutory authority.  Subject matter jurisdiction in this case would not give the Court the power to direct a specific exercise of discretion, but would empower the Court to mandate that the discretion be exercised.  The Plaintiffs in this action, and the countless others in their situation, cannot be left in limbo.  The courts must be able to direct the Defendants to take action on these applications when appropriate.

### 3. Mandamus

Alternatively, the Court finds that if subject matter jurisdiction is not available under the APA, the Court would have mandamus jurisdiction.  The Mandamus Act states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  A writ of mandamus is to be used only if there is "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available."  Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972)).  Here, as discussed above, the Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all.  Because Defendants owe the Plaintiffs a non-discretionary duty to adjudicate, and Plaintiffs have sufficiently alleged that the Defendants failed to act within a reasonable time as prescribed by § 555(b), the Court has mandamus jurisdiction.  See Ceken v. Chertoff, 536 F. Supp. 2d 211, 215-16 (D. Conn. 2008); He v. Chertoff, No. 2:07-CV-14, 2007 U.S. Dist. LEXIS 65236, at *14-15 (D. Vt. 2007).  See also Bondarenko, 2007 U.S. Dist. LEXIS 67143 at *31-32.  This may only apply if other jurisdiction is not available.  Nonetheless, it serves as an alternative ground for subject matter jurisdiction if no other grounds are found.

Defendants have significant responsibilities and a crushing work load. They also have wide latitude and discretion in administering these responsibilities. In fact, their inaction in this case may well be reasonable. However, Plaintiffs are entitled to a safety valve that protects their basic rights.

### III.    Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:  April 06, 2009
          Albany, New York

Lawrence E. Kahn
U.S. District Judge